IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMERGING AUTOMOTIVE LLC, § § *Plaintiff*, § § v. § § KIA CORPORATION and KIA AMERICA, § INC., § § *Defendants*. § § | | CIVIL ACTION NO. 2:23-CV-00437-JRG (LEAD CASE) |
| EMERGING AUTOMOTIVE LLC, § § *Plaintiff*, § § v. § § TOYOTA MOTOR NORTH AMERICA § INC., TOYOTA MOTOR SALES, U.S.A., § INC., and TOYOTA MOTOR § CORPORATION, § § *Defendants*. § § | | CIVIL ACTION NO. 2:23-CV-00434-JRG (MEMBER CASE) |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Entry of Protective Order (the "Motion") filed by non-party Sherpa Technology Group, Inc. ("Sherpa"). (Dkt. No. 148.) Having considered the Motion and related briefing, the Court finds that it should be and hereby is **GRANTED-IN-PART and DENIED-IN-PART**.

I.  BACKGROUND

Plaintiff Emerging Automotive LLC ("EA") filed suit against Defendants Toyota Motor Corp.; Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North

America, Inc.; and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota") on September 20, 2023, alleging patent infringement. (Case No. 2:23-cv-00434-JRG, Dkt. No. 1.) On July 11, 2024, Toyota moved to compel EA's negotiations for unconsummated licenses. (Dkt. No. 63.) The Court denied Toyota's request, holding that "Ongoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable." (Dkt. No. 94 (quoting *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2011 WL 1714304, *5 (E.D. Tex. May 4, 2011)).)

On November 7, 2024, Toyota served third-party subpoenas on Sherpa, including a request for production and noticing a deposition. (Dkt. No. 148 at 1; *see also* Dkt. Nos. 148-2, 148-3.) EA engaged Sherpa from 2017 to 2019 to monetize certain of EA's patents, including three of the four asserted patents. (Dkt. No. 148 at 2; Dkt. No. 148-4.) Toyota's subpoenas seek information about EA and Sherpa's relationship to monetize EA's patent portfolio. (*See* Dkt. Nos. 148-2, 148-3.)

Sherpa filed the Motion on January 24, 2025, requesting that the Court preclude Toyota from deposing Sherpa regarding testimony that Sherpa asserts the Court has already ruled is not discoverable.[1] (Dkt. No. 148 at 1.)

## II.    LEGAL STANDARD

Rule 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Despite the broad nature of this rule, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). One boundary is that a party must show good cause to obtain a protective order. Fed. R. Civ. P. 26(c). Another boundary is that the Court must limit discovery if it

---

[1] The Motion is limited to Toyota's deposition subpoena and does not request any relief with respect to Toyota's document subpoena. (*See generally* Dkt. No. 148.)

determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The movant for a protective order bears the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

### III. DISCUSSION

Sherpa argues that the Court should preclude Toyota from deposing Sherpa because Toyota seeks testimony that the Court has held is not discoverable. (Dkt. No. 148 at 4-5.) Sherpa also argues that to the extent the Court finds that Toyota seeks discoverable testimony, the Court should still preclude Toyota from deposing Sherpa because the testimony Toyota seeks is available through less burdensome means. (*Id.* at 5-6.)

#### A. Toyota's Deposition Subpoena Seeks Discoverable Testimony

Sherpa argues that Toyota seeks testimony that the Court has ruled is not discoverable. (Dkt. No. 148 at 4-5.) Sherpa asserts that EA "retained Sherpa as its agent to monetize its patents [and] Sherpa's efforts did not lead to any consummated licenses or sales of the patents." (*Id.* at 4.) Sherpa argues that Toyota seeks "testimony from Sherpa regarding Emerging Auto's engagement of Sherpa and Sherpa's efforts to monetize Emerging Auto's patents," which "falls squarely within the Court's order denying Toyota's motion to compel." (*Id.*)

Toyota responds that the Court's order denying its motion to compel does not prohibit the testimony its subpoena seeks. (Dkt. No. 154 at 2-3.) Toyota argues it is not seeking negotiations regarding unconsummated license agreements but, instead, "seeks discovery to do with the

3

extensive pre-litigation work Sherpa conducted for EA." (*Id.*) Specifically, Toyota asserts that it seeks testimony regarding (1) "mappings of EA's asserted patents against Toyota's and others' products (i.e., the 'Evidence of Use' charts)"; (2) "valuations of EA's patent portfolio"; (3) "communications between EA and Sherpa"; and (4) "and at least the identities of and information shared with the parties Sherpa solicited to buy EA's patent portfolio." (*Id.*) Toyota contends that this testimony is relevant to at least non-infringement and damages. (*Id.* at 4-5.)

The Court finds that some, but not all, of the testimony Toyota seeks is discoverable. While the Court denied Toyota's motion to compel EA's negotiations for unconsummated licenses, that is not a blanket preclusion into EA's monetization efforts. The Court will now address the four topics of testimony that Toyota seeks.

    1.    **Evidence of Use Charts (Topic Nos. 7-8)**

Toyota seeks testimony regarding the Evidence of Use charts Sherpa created related to the asserted patents. (Dkt. No. 154 at 2-3.) Toyota seeks all Evidence of Use charts against Toyota's and others' products. (*Id.*)

The Court finds that testimony regarding Evidence of Use charts Sherpa created against **Toyota products** is discoverable. If Sherpa created Evidence of Use charts mapping the asserted claims against Toyota products, those charts would be relevant to the claims and defenses in this case, including non-infringement. Evidence of Use charts mapping the asserted claims against Toyota products is unrelated to negotiations regarding unconsummated license agreements. However, the Court finds that testimony regarding Evidence of Use charts Sherpa created for **non-Toyota products** is not discoverable. If Sherpa created Evidence of Use charts for non-Toyota products, it is reasonable to assume that Sherpa used these in its solicitations with third parties to license EA's patent portfolio. Toyota's request for Sherpa's Evidence of Use charts for non-Toyota products appears to be an improper backdoor attempt at obtaining information that the Court has

already held is undiscoverable.

Based on a review of Toyota's deposition subpoena, Topics 7 and 8 encompass Toyota's request for testimony regarding Evidence of Use charts. (Dkt. No. 148-2 at 9.) Accordingly, the Court **GRANTS** the Motion as to testimony regarding Evidence of Use documentation or charts against non-Toyota products.

### 2.    Valuations of EA's Patent Portfolio (Topic No. 14)

Toyota seeks testimony regarding valuations of EA's patent portfolio. (Dkt. No. 154 at 2-4.) Toyota argues that this testimony is relevant to at least damages. (*Id.*)

The Court agrees that Sherpa's valuation, if any, of EA's patent portfolio is discoverable. The Court does not find that its prior order precludes testimony regarding valuation of the asserted patents. The Court's order was limited to addressing whether Toyota could discover EA's negotiations for unconsummated licenses. Sherpa's valuation of EA's patents or patent portfolio is relevant to damages in this case.

Based on a review of Toyota's deposition subpoena, Topic 14 encompasses Toyota's request for testimony regarding Sherpa's valuation of EA's patent portfolio. (Dkt. No. 148-2 at 10.) Accordingly, the Court **DENIES** the Motion as to testimony regarding Sherpa's valuation of EA's patent portfolio. However, discovery in this regard is limited to the valuation process as conducted by Sherpa and shall not open the door to assertions of value beyond Sherpa's valuations made or received in regard to negotiations for unconsummated licenses or sales.

### 3.    Communications Between EA and Sherpa (Topic Nos. 4, 10)

Toyota seeks testimony regarding communications between EA and Sherpa. (Dkt. No. 154 at 2-3.)

The Court finds that communications between EA and Sherpa regarding Sherpa's monetization efforts are discoverable, with limitations. Toyota is permitted to seek testimony

regarding communications between EA and Sherpa that do not seek testimony the Court has found to not be discoverable. Toyota is precluded from seeking testimony regarding communications between EA and Sherpa concerning EA's negotiations for unconsummated licenses or patent sales. (Dkt. No. 94.) Toyota is precluded from seeking testimony regarding communications between EA and Sherpa concerning who Sherpa solicited or should solicit to license or purchase any of EA's patents or patent portfolio. (*Infra* Section III.A.4.) This preclusion includes seeking testimony regarding unconsummated offers for licensing or purchasing any of EA's patents or patent portfolio. Toyota is precluded from seeking testimony regarding communications between EA and Sherpa concerning any Evidence of Use charts Sherpa used or created for non-Toyota products or for patents or claims not asserted herein. (*Supra* Section III.A.1.)

Based on a review of Toyota's deposition subpoena, Topics 4 and 10 encompass Toyota's request for testimony regarding communications between EA and Sherpa. (Dkt. No. 148-2 at 9-10.) Accordingly, the Court **GRANTS-IN-PART and DENIES-IN-PART** the Motion allowing access to testimony regarding communications between EA and Sherpa but subject to the specific limitations set forth herein.

### 4. Identification of the Third Parties Sherpa Solicited (Topic Nos. 9, 11-13, 15-16)

Toyota seeks testimony regarding the identities of and any information shared with the parties Sherpa solicited to buy EA's patent portfolio. (Dkt. No. 154 at 2-3.)

The Court finds that this testimony is not discoverable. The Court has already held that unconsummated licensing negotiations are not discoverable. (Dkt. No. 94.) The Court does not find the identification of the individuals who did not purchase EA's patent portfolio or the information shared with those individuals relevant. The Court considers this an improper backdoor attempt to obtain the information that the Court has already held is not discoverable.

6

Based on a review of Toyota's deposition subpoena, Topics 9, 11-13, and 15-16 encompass Toyota's request for testimony regarding the identification of the third parties Sherpa solicited. (Dkt. No. 148-2 at 9-10.) Accordingly, the Court **GRANTS** the Motion as to testimony regarding the identification of the third parties Sherpa solicited.

### 5. Additional Topics in Toyota's Deposition Notice

In the Motion, Sherpa seeks a protective order on all of Toyota's deposition topics. (*See generally* Dkt. No. 148 at 1, 3.) However, Toyota's opposition only addressed the four topics discussed above.

Accordingly, as to the other topics in Toyota's deposition subpoena not addressed herein, the Court **GRANTS** Sherpa's motion for a protective order. Specifically, the Court **GRANTS**: (1) the Motion as to testimony regarding the Sherpa Agreement and amendment and compensation under the Sherpa Agreement and amendment (Topic Nos. 1-3, 5-6); (2) the Motion as to testimony regarding individuals with a financial interest in Sherpa (Topic Nos. 17-19); and (3) the Motion as to testimony regarding the authentication of documents produced by Sherpa (Topic No. 20).

### B.    Toyota is Permitted to Depose Sherpa

Sherpa argues that even if the Court finds that Toyota's deposition subpoena seeks discoverable testimony, the Court should still preclude Toyota from deposing Sherpa. (Dkt. No. 148 at 5-6.) Sherpa asserts that the testimony Toyota seeks is "equally in Emerging Auto's possession as Sherpa's, and thus Toyota should seek the information from Emerging Auto rather than burdening non-party Sherpa." (*Id.* at 5.)

Toyota responds that the testimony it seeks is not equally in EA's possession. (Dkt. No. 154 at 5-7.) Toyota asserts that "[w]hen asked about the topics now presented in the Subpoena to Sherpa, EA's only two members, brothers Albert and Angel Penilla, either had no recollection of

the information sought, or expressly deferred to Sherpa as possessing the information sought." (*Id.* at 5.)

Courts have the power to deny discovery if the party seeking discovery can obtain it from another source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b). A district court can properly require a party "to seek discovery from its party opponent before burdening a nonparty." *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993). Toyota attempted to obtain the testimony it seeks from Sherpa through less burdensome means of discovery, specifically through deposition of EA's member, Mr. Albert Penilla. (Dkt. No. 154-1.) Mr. Albert Penilla, however, either had no recollection of the testimony sought or deferred to Sherpa.[2] (*Id.*)

Accordingly, the Court **DENIES** the Motion as to precluding Toyota from deposing Sherpa; however, such deposition shall be subject to the guidance and provisions of this opinion.

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS-IN-PART and DENIES-IN-PART** Sherpa's Motion (Dkt. No. 148) as set forth above.

**So ORDERED and SIGNED this 25th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] Toyota asserts that "Angel Penilla's[, EA's other member,] deposition transcript is similar" to Mr. Albert Penilla's deposition transcript. (Dkt. No. 154 at 7.) Yet, Toyota did not provide the Court with Mr. Angel Penilla's deposition transcript.