**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EMERGING AUTOMOTIVE LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-0437-JRG |
| | § | (LEAD CASE) |
| KIA CORPORATION and KIA AMERICA, INC., | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

| | | |
|---|---|---|
| EMERGING AUTOMOTIVE LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-0434-JRG |
| | § | (MEMBER CASE) |
| TOYOTA MOTOR NORTH AMERICA INC., TOYOTA MOTOR SALES, U.S.A., INC., and TOYOTA MOTOR CORPORATION, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Rule 12(b)(6) Motion to Dismiss Count 4 of Plaintiff's Second Amended Complaint for Lack of Subject Matter Eligibility (the "Motion to Dismiss") filed by Defendants Toyota Motor Corp.; Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Sales, U.S.A., Inc. (collectively, "Toyota"). (Dkt. No. 108.) Having considered the Motion to Dismiss and related briefing, the Court finds that it should be and hereby is **DENIED WITHOUT PREJUDICE**. Before the Court

is also the Motion Requesting Oral Hearing on Toyota's 12(b)(6) Motion filed by Toyota (Dkt. No. 129), which, in light of this Order, is **DENIED AS MOOT**.

## I.     BACKGROUND

Plaintiff Emerging Automotive LLC ("Plaintiff") filed the Second Amended Complaint against Toyota on September 26, 2024. (Dkt. No. 103.) Plaintiff alleges that Toyota infringes United States Patent Nos. 10,407,026; 11,738,659; 9,365,188; and 9,171,268 (the "'268 Patent"). (Dkt. No. 103.) In the Motion to Dismiss, Toyota argues that the '268 Patent is directed to patent-ineligible subject matter under 35 U.S.C. § 101. (*See generally* Dkt. No. 108.) The '268 Patent generally relates to "systems and methods for managing user profiles for vehicles and exchange of information with cloud-based processing systems." ('268 Patent at 1:31-33.) Plaintiff accuses Toyota of infringing Claim 10 of the '268 Patent. (Dkt. No. 103 ¶ 76.) Plaintiff does not dispute that Claim 10 of the '268 Patent is representative for this purpose. (Dkt. No. 114 at 3.) The parties agree that claim construction is not necessary to resolve the question of patent eligibility. (Dkt. No. 108 at 17.)

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted. To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pled facts as true and views

2

all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true. *Id.*

### B.    Patent Eligibility

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216-17 (2014). The Supreme Court instructs courts to distinguish between claims that set forth patent-ineligible subject matter and those that "integrate the building blocks into something more." *Id.*

The Court determines whether patent claims cover ineligible subject matter using a twostep analytical framework set out by the Supreme Court of the United States in *Alice*. 573 U.S. 208. At the first step, the Court evaluates whether the claims are directed to ineligible subject matter, such as an abstract idea. *Id.* at 217. To do so, the Court looks to the claims' "character as a whole." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Although all claims embody abstract ideas and other ineligible subject matter at some level, the Court's task is to examine "whether the claims [] focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016). In cases like this, the Court is to "consider the claim as a whole . . . in light of the specification . . . [and] whether the focus of the claims is on a specific asserted improvement in computer capabilities or, instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool." *Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1309 (Fed. Cir. 2020) (cleaned up)).

If the challenged claims recite a patent-ineligible concept, the Court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. 208, 217-18 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78-79 (2012)). This step is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225). The Federal Circuit has explained that "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). As such, "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact" that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). Accordingly, "factual disputes about whether an aspect of the claims is inventive may preclude dismissal at the pleadings stage under § 101." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1318 (Fed. Cir. 2019).

## III.    DISCUSSION

The parties dispute whether the '268 Patent satisfies *Alice* step one. The Court need not address this issue at this stage because, ultimately, factual disputes exist as to whether Claim 10 satisfies *Alice* step two.

In the Motion to Dismiss, Toyota asserts that Claim 10 of the '268 Patent fails *Alice* step two. (Dkt. No. 108 at 11-13.) Toyota argues that "Claim 10 of the '268 Patent merely recites generic computer or network functionality, such as a 'server,' 'processor,' or 'communication

circuitry,'" and these components perform nothing more than their ordinary functions. (*Id.* at 11.) Toyota argues that the claimed compatibility check"—the purported novelty of the claim—is recited in *entirely functional language*, devoid of any technical explanation of how to perform the 'compatibility check.'" (*Id.* at 13.)

Plaintiff responds that the Second Amended Complaint contains facts showing that the '268 Patent was not well-known, routine, or conventional as of its filing date. (Dkt. No. 114 at 11-14.) Plaintiff asserts that "[t]he ordered combination of the elements supply the inventive concept of an access management system where vehicle settings are user specific and, when a user logs into a vehicle, the server performs a compatibility check based on the user profile and settable settings of the vehicle such that the applicable settings of the vehicle are then activated on the vehicle based on commands from the server." (*Id.*)

At minimum, the Court finds that factual disputes exist as to whether Claim 10 of the '268 Patent meets *Alice* step two, precluding dismissal at this stage. While the Court does not presume the Second Amended Complaint's legal conclusions directed to *Alice* step two are true, the Court gives deference to the surrounding factual pleadings. Taking those well-pled facts as true, the Court finds that Plaintiff has plausibly pled that the claim elements as ordered combinations were not well-known, routine, or conventional when the '268 Patent was filed. For example, the Second Amended Complaint states that the '268 Patent's "inventions allow for a shift in current technology, allowing a user's preference regarding vehicle settings to be securely stored remotely and dynamically applied to specific vehicles having specific technology features." (Dkt. No. 103 ¶ 50.) The Second Amended Complaint further states that the '268 Patent "enable[d] the transfer of user profiles to various vehicles having differing features and functionality, allowing varying user preferences to be automatically configured, depending on the compatibility of the vehicle.

This shift in technology from basic vehicle settings to user-specific vehicle settings determined and applied based on the technical capabilities of specific vehicles has revolutionized the automotive industry." (*Id.* ¶ 47.) At this stage of the case, the Court takes these facts as true. *Iqbal*, 556 U.S. at 678. Toyota's reliance on cases with disparate factual records is insufficient to overcome the well-pled facts. Those cases cited certainly do not establish that the ordered combinations of claim elements recited in the '268 Patent were well-understood, routine, or conventional at the time of filing. *PPS Data, LLC v. Jack Henry & Assocs., Inc.*, 404 F. Supp. 3d 1021, 1039-40 (E.D. Tex. 2019) ("[I]nventions that are comprised of elements that are individually well-known in the prior art can still satisfy *Alice* Step 2 if the 'ordered combination' of those elements embodies an inventive concept."); *see also BASCOM Glob. Internet Servs., Inc. v. AT & T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016) ("The 'inventive concept' may arise in one or more of the individual claim limitations or in the ordered combination of the limitations."). Further development of the factual record on this issue is necessary. *See Cellspin Soft, Inc.*, 927 F.3d at 1318 ("[F]actual disputes about whether an aspect of the claims is inventive may preclude dismissal at the pleadings stage under § 101.").

Accordingly, the Court finds that dismissal at this time and under these circumstances would be inappropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Toyota's Rule 12(b)(6) Motion to Dismiss Count 4 of Plaintiff's Second Amended Complaint for Lack of Subject Matter Eligibility (Dkt. No. 108). This ruling does not preclude Toyota from filing a motion for summary judgment under 35 U.S.C. § 101 at a later time. The Court further **DENIES AS MOOT** Toyota's Motion Requesting Oral Hearing on Toyota's 12(b)(6) Motion (Dkt. No. 129).

So ORDERED and SIGNED this 28th day of March, 2025.


RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE